COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons and Frank
Argued at Chesapeake, Virginia


LOUVENIA WOOTEN

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0472-99-1         JUDGE JERE M. H. WILLIS, JR.
                                           JANUARY 27, 2000
JOHNATHAN O'NEAL ELEY
 AND LILLIAN BROWN


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Walter J. Ford, Judge

              Rodney Sager (Kenneth Hardt, Sager & Hardt,
              P.C., on brief), for appellant.

              John F. Rixey for appellee Johnathan O'Neal
              Eley.

              No brief or argument for appellee Lillian
              Brown.


     On appeal from the judgment of the trial court awarding

custody of Brandon Brown to his father, Johnathan O'Neal Eley,

Louvenia Wooten contends that the trial court erred by failing

to consider evidence showing Eley to be an unfit parent.

     Janice Brown, Brandon's mother and custodian from his

birth, died of medical complications on July 13, 1996, when

Brandon was seven years old.  No father was ever listed on

Brandon's birth certificate.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Brandon's maternal grandmother, Louvenia Wooten, Janice Brown's cousin, Lillian Brown (Brown), and Brandon's father, Johnathan Eley, all sought Brandon's custody. On January 3, 1997, the juvenile and domestic relations district court awarded temporary custody to Brown, granting Wooten and Eley visitation rights. Both Eley and Wooten appealed. On January 26, 1999, the trial court granted Brandon's custody to Eley. Wooten has appealed that decision.

Contending that the trial court erred in granting custody of Brandon to Eley, Wooten asserts that it was

> reversible error to award custody of a minor 9 year old child to a part time father who is guilty of both long term and ongoing "anti-social, immoral and illegal conduct," which includes, but is not limited to the following:
>     1. Ongoing scheme to defraud the internal revenue service.
>     2. Deceiving social services.
>     3. Associating with known drug dealers.
>     4. Lying to the court's social worker.
>     5. Lying to the juvenile court to avoid child support by denying paternity.
>     6. Unstable address history.
>     7. Refusal to pay voluntary child support for 7 years.
>     8. Abandonment of infant child.

Wooten's assignment of error is analogous to a sufficiency of the evidence question. Wooten asks us to retry the custody issue on its merits. We will not do so. The trial court heard the evidence relating to Eley's fitness as a parent, found him

-

fit, and determined that Brandon was a happy, well-adjusted child.  Credible evidence in the record supports this finding.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>